# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EDWARDS, **Plaintiff**, | : : : |
| v. | : **CIVIL ACTION NO. 19-CV-1383** |
| PHILA PA, **Defendants**. | : : : |

## MEMORANDUM

**KENNEY, J.**  JUNE *10* , 2019

Plaintiff James Edwards, a prisoner incarcerated at SCI-Albion filed this civil action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, identified in the caption as "Phila. PA," based on proceedings in the Philadelphia Court of Common Pleas that led to his conviction. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Edwards leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

The public docket for the challenged criminal proceeding reflects that in 2012 Edwards pled guilty to third-degree murder and was sentenced to a term of eighteen to forty years of imprisonment. *See Commonwealth v. Edwards*, Docket No. CP-51-CR-0003938-2011 (Phila. Ct. of Common Pleas). He filed a petition for post-conviction relief, which is currently pending. *Id.* He also recently filed a *habeas* petition in this Court, which was dismissed without prejudice due to Edwards's failure to exhaust state remedies. *See Edwards v. Dist. Att'y*, Civ. A. No. 19-1382 (E.D. Pa.).

Edwards filed the instant civil action based on his criminal case. As the factual basis for his claims, he alleges that he did not see a mental health doctor prior to trial, presumably to

determine his competency. (Compl. at 5-7.)[1] The Court understands Edwards to be alleging that he was not competent to stand trial or enter a plea, and to be seeking monetary damages on that basis. (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court will grant Edwards leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

[2] The Court treats Edwards's submissions as substantial compliance with 28 U.S.C. § 1915(a)(2). As Edwards is a prisoner, he is obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Edwards is seeking damages for alleged constitutional violations in proceedings that led to his conviction and imprisonment. However, the public docket reflects that his conviction has not been reversed, vacated, or otherwise invalidated. Accordingly, as Edwards's claims would necessarily imply the invalidity of his intact conviction, they are not currently cognizable in a civil rights action.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Edwards leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal of Edwards's claims is without prejudice to him filing a new lawsuit in the event his conviction is vacated in the future. An appropriate Order follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.

3